# In the United States Court of Federal Claims

No. 17-934C
(Filed August 3, 2017)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| **MAIL TRANSPORTATION, INC.,** | * | Bid protest; Motion to Dismiss, |
| **et al.,** | * | RCFC 12(b)(1) & 12(b)(6); USPS; |
| | * | Highway Contract Route; Postal |
| Plaintiffs, | * | Vehicle Service; 39 U.S.C. § 5005; |
| | * | Motion for a Preliminary Injunction, |
| v. | * | RCFC 65. |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * | | |

*David P. Hendel*, Husch Blackwell LLP, with whom was *Brian P. Waagner*, both of Washington, D.C., for plaintiffs.

*Adam E. Lyons*, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Franklin E. White, Jr.*, Assistant Director, all of Washington, D.C., for defendant. *Redding C. Cates*, United States Postal Service, Washington, D.C., of counsel.

## ORDER

WOLSKI, Judge.

This matter has been brought as a bid protest by eighteen holders of Highway Contract Route (HCR) contracts with the United States Postal Service (USPS or the Postal Service). First Am. Compl. ¶ 11. The Postal Service has informed the plaintiffs that it plans to terminate certain of their contracts in order to convert the routes to Postal Vehicle Service (PVS) routes, with mail delivery performed by postal employees. *See* Ex. 6 to Compl. The conversions are expected to be done by September 1, 2017, to comply with an arbitration award stemming from a labor dispute between the Postal Service and the American Postal Workers Union, AFL-CIO (APWU). Exs. 5 & 6 to *id.* Under the award, 110 routes were to be converted to PVS routes for a four-year period, because USPS violated a collective

bargaining agreement provision by failing to provide the APWU with timely notice of its intent to renew HCR contracts.  Ex. 1 to Compl. at 2, 22.

The plaintiffs contend that the Postal Service violated 39 U.S.C. § 5005(c) in deciding to convert their routes from HCR to PVS.  First Am. Compl. ¶¶ 41–44.  This provision states that "[t]he Postal Service, in determining whether to obtain transportation of mail by contract . . . or by Government motor vehicle, shall use the mode of transportation which best serves the public interest, due consideration being given to the cost of the transportation service under each mode."  39 U.S.C. § 5005(c).  The plaintiffs argue that this section requires analysis that the Postal Service has failed to perform, and have moved for a preliminary injunction to prevent USPS from terminating their contracts and converting the routes.  First Am. Compl. ¶ 44; Mem. Supp. Pls.' Appl. TRO & Mot. Prelim. Inj. (Pls.' Br.) at 1–4, 19–22, 32.  The government opposes this request and moves to dismiss the case under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC).  Def.'s Resp. Opp'n Appl'n TRO & Mot. Prelim. Inj. (Def.'s Opp'n); Def. Mot. Dismiss (Def.'s Mot.).[1]  Defendant argues that no procurement is at issue and that 39 U.S.C. § 5005(c) does not apply to the challenged decision.  Def.'s Mot. at 12–16.

With respect to jurisdiction, the Court concludes that the plaintiffs have brought an action "objecting to" an "alleged violation of statute or regulation in connection with a procurement or a proposed procurement."  28 U.S.C. § 1491(b)(1).  The Federal Circuit has held that our bid protest jurisdiction includes challenges to violations of law "involv[ing] a connection with any stage of the federal contracting acquisition process, including 'the process for determining a need for property or services.'"  *Distributed Sols., Inc. v. United States*, 539 F.3d 1340, 1346 (Fed. Cir. 2008) (quoting what is now 41 U.S.C. § 111).  Applying this holding, several of our court's decisions have found contractor challenges to in-sourcing decisions to be within our bid protest jurisdiction.  *See, e.g.*, *Dellew Corp. v. United States*, 108 Fed. Cl. 357, 370 (2012); *Elmendorf Support Servs. Joint Venture v. United States*, 105 Fed. Cl. 203, 208 (2012); *Santa Barbara Applied Research, Inc. v. United States*, 98 Fed. Cl. 536, 542–43 (2011).

The government attempts to distinguish these cases as concerning a particular statute applying to the U.S. Department of Defense, and involving an element of choice not available to the Postal Service due to the arbitrator's decision.  Def.'s Reply Supp. Mot. Dismiss (Def.'s Reply) at 2–7.  But jurisdiction was found in those decisions not because of the substance of the statute allegedly violated, but

---

[1] At the conclusion of last week's hearing on the motions, the Court granted the government's motion in part, dismissing plaintiffs' breach of contract claims as beyond our court's jurisdiction because contracting officers' decisions on the claims had yet to issue.  *See* Order (July 27, 2017) at 1; 41 U.S.C. § 7104(b)(3).

rather because the decision of the government "was to stop procuring services from plaintiff and instead to use government employees," which "necessarily included the process for 'determining the need for . . . services' that plaintiff currently provides." *Elmendorf Support Servs.*, 105 Fed. Cl. at 208; *see also Santa Barbara Applied Research*, 98 Fed. Cl. at 543 (describing challenged decision as "to stop procuring services from [plaintiff] and to instead use Air Force civilian personnel to do the same work"). That same determination --- whether to continue with services provided by contract or to have the services performed by government employees --- is what is being challenged by the plaintiffs here. And while the arbitrator ordered that 110 routes were to be converted from HCR to PVS, the exact routes to be converted were left to be negotiated between the Postal Service and the APWU, Ex. 1 to Compl. at 2, 22. Ultimately, most of the routes selected for conversion were *not* among the routes at issue in the arbitration. *See* App. to Def.'s Opp'n (DA) at 36. Thus, the government participated in a process to determine which services should remain under contract and which should be converted to PVS, making the matter indistinguishable from the aforementioned precedents, which the Court finds persuasive. The plaintiffs' challenge to the conversion decision is within our court's subject-matter jurisdiction.

The government argues in the alternative that plaintiffs have failed to state a claim upon which relief can be granted. Def.'s Mot. at 13–16; Def.'s Reply at 9–11. Defendant maintains that 39 U.S.C. § 5005(c) applies only to determinations to obtain services by contract, and not to the use of government employees. Def.'s Mot. at 14–15. For sure, the plain language of the statute would not make it applicable to every determination to use postal employees to provide mail delivery services. But the statute clearly mandates that "in determining whether to obtain transportation of mail by contract . . . or by Government motor vehicle," the Postal Service "shall use the mode of transportation which best serves the public interest, due consideration being given to the cost of the transportation service under each mode." 39 U.S.C. § 5005(c). The decision of which routes to convert involved exactly that determination, and thus the statute applies. The government also maintains that the plaintiffs concede that costs were considered, at least in the arbitrator's decision. Def.'s Reply at 8 (citing Compl. ¶ 27). But, as was noted above, the specific routes to be converted were not determined in the arbitration award, and most of those selected were not the subject of the arbitration proceedings. *See* DA at 36. The Court concludes that plaintiffs have stated a claim upon which relief can be granted.

Turning to the plaintiffs' motion for a preliminary injunction under RCFC 65, such extraordinary relief requires that the plaintiffs establish they are "likely to succeed on the merits, [are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Considering the materials presented to the Court

regarding this motion, and the arguments made at the hearing, the Court concludes that the plaintiffs have failed to establish a likelihood of success on the merits, and thus cannot obtain the equitable relief they seek.

The plaintiffs contend that the Postal Service failed to perform the analysis required under 39 U.S.C. § 5005(c) in selecting routes to be converted from HCR to PVS. Pls.' Br. at 19–22. The government, however, has produced a sworn declaration from a USPS employee, Brent Raney, which states that "[t]he Postal Service based its determination of suitability of conversion to PVS on a number of factors, all of which ultimately related to cost and ensuring the uninterrupted service of mail." DA at 36, ¶ 16. Moreover, the evidence before the arbitrator included testimony that in two quarters of 2015, the costs of mail delivery by PVS were equal to or less than the costs as HCR routes for 41 and 57 of the 110 HCR routes under consideration, respectively. Ex. 1 to Compl. at 10 (page 8 of the arbitrator's decision). The plaintiffs argue that the government has not demonstrated that the Postal Service used a particular form that is allegedly employed in making determinations under 39 U.S.C. § 5005(c). Opp'n to Mot. Dismiss & Reply Br. Supporting Appl. TRO & Mot. Prelim. Inj. at 22–23. But neither the statute nor any regulation identified by the plaintiffs requires the Postal Service to use any form or observe any other particular formality in connection with the Section 5005 analysis. At this stage of the proceedings, it appears that the relative costs of mail delivery by postal employees and by private carriers were considered in the selection of routes for conversion from HCR to PVS, and without further factual development or additional briefing concerning what "serv[ing] the public interest" entails, the Court cannot find that the plaintiffs are likely to succeed in showing that costs were not given their "due consideration" in the selection of routes to convert. 39 U.S.C. § 5005(c).

Although the Court finds the absence of a likelihood of success on the merits to be fatal to plaintiffs' requested injunction, *see FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993), the other three factors will be briefly discussed. Regarding irreparable harm, to the extent that the four-year periods during which the converted routes are reserved for PVS delivery do not overlap with the time remaining on their HCR contracts (for which breach of contract damages might be available), the plaintiffs have sufficiently established that they would suffer injury that is not compensable. *See MORI Assocs. v. United States*, 102 Fed. Cl. 503, 552 (2011). The balance of equities does not tip decisively in either direction, as the plaintiffs' loss of the ability to compete for a renewal of their HCR routes and the corresponding potential cost savings to the government must be weighed against the Postal Service's obligation to implement an arbitration award that was designed to remedy a persistent violation of the APWU's contractual right to notice regarding HCR route renewal. And although the crux of the plaintiffs' case is that the Postal Service failed to properly consider costs and thus failed to determine if route conversion serves the public interest, an injunction will not necessarily be in the

public interest --- given that the arbitrator's decision rested on the Postal Service's failure to allow the APWU to participate in the process of determining whether HCR renewals were in the public interest. *See* Ex. 1 to Compl. at 21–22.[2]

For the foregoing reasons, the defendant's motion to dismiss the first count of plaintiffs' amended complaint is **DENIED**,[3] and the plaintiffs' motion for a preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge

---

[2] The Court notes that the Federal Arbitration Act, pursuant to which the underlying arbitration was conducted, provides a procedure whereby non-parties to an arbitration who are adversely impacted by an award, such as plaintiffs, may apply to a district court for relief from that award. *See* 9 U.S.C. § 10(c).

[3] Because time was of the essence, it was agreed at the hearing that the government's motion would apply to the subsequently-filed First Amended Complaint. *See* Order (July 27, 2017) at 1. The government's motion was granted-in-part at that time, *see supra* note 1, and thus is now denied-in-part.