# In the United States Court of Federal Claims

No. 17-934C
(Filed December 27, 2021)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
MAIL TRANSPORTATION, INC.,       *
et al.,                          *
                                 *
                Plaintiffs,      *
                                 *
        v.                       *
                                 *
THE UNITED STATES,               *
                                 *
                Defendant,       *
                                 *
        And                      *
                                 *
AMERICAN POSTAL WORKERS          *
UNION, AFL-CIO,                  *
                                 *
                Defendant-Intervenor. *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

In this bid protest the plaintiffs, twenty different firms which held contracts with the United States Postal Service (USPS or Postal Service) to transport mail, challenge the decision to insource the transportation services they were providing. This insourcing of 110 transportation routes was due to an arbitration decision requiring Highway Contract Routes (HCRs) to be converted to Postal Vehicle Service (PVS)---that is, transportation by USPS employees---as a remedy for past breaches of a collective bargaining agreement between USPS and intervenor American Postal Workers Union (APWU).  The Court had previously found supplementation of the administrative record to be warranted under *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374, 1380 (Fed. Cir. 2009). *See Mail Transportation, Inc. v. United States*, 153 Fed. Cl. 205, 210–14 (2021). Because of "the lack of any formal decision documents for the selection process," and the "technical and complex nature" of the otherwise "inscrutable" trip schedule data in the administrative record, the Court added to the administrative record portions

of declarations from officers and owners of some of the plaintiff firms "identifying and explaining facts in the administrative record, not offering opinions," *Mail Transp.*, 153 Fed. Cl. at 212 (internal quotation and citation omitted.). The Court also added portions of these declarations concerning certain "matters within the specific knowledge and control of the Postal Service," reflecting "'tacit knowledge' of a 'technical nature' possessed by Postal Service and contractor employees." *Id.* at 214 (quoting *E.W., Inc. v. United States*, 100 Fed. Cl. 53, 57 (2011)).

Currently pending before the court are the government's first motion, intervenor's first motion, and plaintiffs' fifth motion to supplement the administrative record. The motions filed by plaintiffs and intervenor are opposed. As explained in more detail below, defendant's motion to supplement the administrative record is **GRANTED**, plaintiffs' fifth motion to supplement the record is **GRANTED-IN-PART** and **DENIED-IN-PART**, and intervenor's motion to supplement the administrative record is **DENIED**.

Defendant seeks to add a declaration from a USPS official, Ray Wagstaff, to respond to certain factual contentions made in the above-referenced declarations by plaintiffs' owners and officers. *See* Def.'s Mot. Suppl. Admin. R., ECF No. 137 (Def.'s Mot.) at 1–3. This declaration explains information already in the record, discussing the pairing of trips in the schedules to determine the length of layovers. *See* Suppl. Decl. of Ray Wagstaff, ECF No. 137-1, ¶¶ 4–5. It also contains an articulation of the tacit knowledge of the Postal Service decisionmakers concerning the pre-existence of PVS operations and the occurrence of late or extra trips. *Id.* ¶¶ 3, 6–8. For the same reasons that the declarations to which Mr. Wagstaff is responding were added to the administrative record, *see Mail Transp.*, 153 Fed. Cl. at 211–14, the Court finds that effective judicial review would be frustrated if this declaration is not added to the administrative record. *See Axiom*, 564 F.3d at 1380.

Plaintiffs do not oppose the government's motion, but they do seek to add three declarations from their own officers and employees to rebut the contentions in the supplemental Wagstaff declaration and defendant's supplemental brief. Pl.'s Fifth Mot. Suppl. Admin. R., ECF No. 139 (Pls.' Mot.). The first of these declarations was executed by Alan Gotta, the president of Mail Transportation Inc. He previously declared that one route performed under contract HCR 92350 had a layover that exceeded one hour. Suppl. Decl. of Alan Gotta, ECF No. 130-1, ¶ 3. Responding to a statement to that effect in defendant's supplemental brief, ECF No. 136 at 8, Mr. Gotta now states that three trips under that contract had such a layover. *See* Pl.'s Mot. at 1–2; Ex. A to Pls.' Suppl. Br., ECF No. 138-1, ¶¶ 4–5. Defendant opposes supplementing the record with this declaration because the USPS used a different method to calculate layover times and had previously explained why the one long layover was not problematic. Def.'s Opp'n to Pls.' Fifth Mot. Suppl. Admin. R., ECF No. 140 (Def.'s Opp'n) at 4. But this goes to the strength of the evidence, not whether it must be added to the administrative record

so that effective judicial review is not frustrated.[1]  Given the technical nature of the trip schedule information, the Court finds it necessary to allow the administrative record to be supplemented with the second supplemental Gotta declaration.  *See Axiom*. 564 F.3d at 1380; *Mail Transp.*, 153 Fed. Cl. at 212–13.

The second declaration plaintiffs seek to add was executed by Eugene Nishimura of Hokulani Kigyo, LLC.  *See* Ex. B to Pls.' Suppl. Br., ECF No. 138-2 at 1–2.  The first substantive portion of this declaration asserts that under contract HCR 967L1 there was "the functional equivalent of a layover" between the end of one roundtrip route and the beginning of another, because the same truck was used.  *Id.* ¶¶ 3–5.  But as the government notes in its opposition, *see* Def.'s Opp'n at 3, rather than addressing the criterion used by the USPS, this statement disagrees with it, and relies on information concerning a particular truck that was not within the specific knowledge of the Postal Service officials.  These paragraphs, and Exhibit 1 to the declaration, are thus either contractor opinion or information beyond the control of the USPS, and thus do not qualify to be added to the record.  *See Mail Transp.*, 153 Fed. Cl. at 214.  The remainder of this declaration concerns the frequency of late trips and extra trips under contract HCR 967L1, and their impact on costs.  Ex. B to Pls.' Suppl. Br. ¶¶ 6–8.  These statements are supported by billing records, which presumably reflect information submitted to the Postal Service and thus within its knowledge.  *See* Ex. 2 to *id.*, ECF No. 138-2 at 11–47.[2]  Though the government opposes inclusion of information regarding late and extra trips, the court has previously found that such information meets the standard for supplementation.  *Mail Transportation, Inc.*, 153 Fed. Cl. at 214.  Accordingly, paragraphs 6 through 8 of the second supplemental Nishimura declaration, as well as the supporting billing records in its second exhibit (and the first two introductory paragraphs), shall be added to the administrative record.

The final declaration plaintiffs seek to add to the record was executed by Nola Holton of Holton Truck Lines, Inc.  *See* Ex. C to Pls.' Suppl. Br., ECF No. 138-3, at 1–3.  For the most part, this declaration concerns the prevalence of late trips

---

[1]  Indeed, the strength of this declaration is diminished by its cryptic identification of route trips.  Plaintiffs do not cite the pages in the administrative record containing the referenced trips.  *See* Pls.' Suppl. Br., ECF No. 138 at 6; Pls.' Mot. at 2.  The declaration references trips 11, 12, 321, 322, 323 and 324.  Ex. A to Pls.' Suppl. Br. ¶ 4.  The latter four do not appear in the trip schedule records.  *See* Admin. R. (AR) 2676–89.  The government has identified trips 321 and 322 as trips 121 and 122 in the record, Def.'s Opp'n at 4, which appear to contain the layover identified in the previously-filed Gotta declaration.  *See* Suppl. Decl. of Alan Gotta, ¶ 3; AR 2681.

[2]  Because these billing records lack internal pagination, the Court cites the page numbers supplied by our electronic filing system.

and extra trips under contracts HCR 890L0, 89036, 89042, and 89044, and the cost impact of these trips. *See id.* ¶¶ 3–10. As the Court has previously explained, this tacit knowledge of a technical nature concerning transportation operations was also possessed by the Postal Service and must be added to the administrative record so that effective judicial review is not frustrated. *See Mail Transportation, Inc.*, 153 Fed. Cl. at 214. Paragraph 11 of the declaration is, however, more on the order of contractor opinion concerning postal worker efficiency and cannot qualify for inclusion. Thus, all but that last paragraph of the second supplemental Holton declaration shall be added to the administrative record.

In its motion to supplement the administrative record, the APWU seeks to add to the administrative record a subsequent decision by the arbitrator sanctioning the USPS for its tardiness in complying with the initial arbitration award. Int.'s Mot. Suppl. Admin. R., ECF No. 141 (Int.'s Mot.) at 1–2; Ex. A. to Int.'s Mot. Plaintiffs do not oppose adding this decision to the record, provided that all the records of the arbitration proceeding that led to that decision are also added to the record. Pls.' Resp. to Int.'s Mot., ECF No. 142 at 1. Defendant opposes adding this decision to the administrative record, arguing that an arbitration decision related to enforcement of the initial arbitration award is irrelevant to a challenge regarding the rationality of the USPS's actions undertaken to comply with the initial award decision. Def.'s Resp. to Int.'s Mot. (Def.'s Resp.) at 1.

The focal point of judicial review is the body of information the agency had before it when making its decision. *Axiom Res. Mgmt., Inc.,* 564 F.3d at 1379 (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). This cannot logically include judicial or administrative determinations made years after the challenged agency action, such as the second arbitration decision. *Cf. Mail Transp.*, 153 Fed. Cl. at 209 (refusing to add to the record internal USPS emails which post-date the challenged action as they did not bear upon the reasoning underlying the challenged decision). Intervenor and defendant correctly note that the second arbitration decision could be relevant to the question of a remedy should plaintiffs prevail on the merits of this protest, because of the monetary damages the decision imposes, on an ongoing basis, on the Postal Service for delays in converting routes to PVS service. Int.'s Mot. at 3; Def.'s Resp. at 2–3; *see* Ex. A to Int.'s Mot. at 2. A document, however, need not be part of the administrative record to be considered for the purposes of fashioning a remedy---merely being a part of the Court's record, as the second arbitration decision already is, suffices for those purposes. *See, e.g., CW Gov't Travel, Inc. v. United States*, 110 Fed. Cl. 462, 483–84 (2013); *E.W.*, 100 Fed. Cl. 57–58; *PlanetSpace, Inc. v. United States*, 90 Fed. Cl. 1, 5 (2009). Accordingly, intervenor's motion to supplement the administrative record is **DENIED**.

For the reasons stated above, defendant's motion to supplement the administrative record, ECF No. 137, is **GRANTED**; plaintiffs' fifth motion to supplement the administrative record, ECF No. 139, is **GRANTED-IN-PART** and **DENIED-IN-PART**; and intervenor's motion to supplement the administrative

record, ECF No. 141, is **DENIED**.  As the administrative record (and the Court's record) has expanded as a result of these motions, the parties shall each file a supplemental brief addressing the significance, if any, of the added materials to the pending motions for judgment, on or by **Tuesday, January 18, 2022**.  The Court will then consider the matter submitted for decision.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge
